02D03-2507-CT-000456
Filed: 7/15/2025 2:28 PM
Clerk
Allen Superior Court 3
Allen County, Indiana
BB

USDC IN/ND case 1:25-cv-00413-HAB-ALT   document 3   filed 07/15/25   page 1 of 9

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS | |
| COUNTY OF ALLEN | ) | CAUSE NO.: |

| | |
|---|---|
| DANA HEPWORTH-WILSON, personal  ) | |
| Representative of the Wrongful Death Estate) | |
| Of Patricia Hepworth, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF FORT WAYNE, OFFICER ) | |
| MICHAEL CARRIER, OFFICER BEGALS,) | |
| And OFFICER MUGERSINGO. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff Dana Hepworth-Wilson, personal representative of the Wrongful Death Estate of Patricia Hepworth and son of decedent, alleges as follows against Defendants City of Fort Wayne, Officer Begals, Officer Michael Carrier, and Officer Mugersingo:

### I.   NATURE OF ACTION

1. This is an action brought pursuant to 42 U.S.C. § 1983 and Indiana General Wrongful Death Act and seeks damages for the unlawful and unconstitutional acts and omissions by Defendants that caused City of Fort Wayne Officer Carrier to shoot and kill Patricia Hepworth in her home in Fort Wayne, Indiana on January 8, 2025.

2. Defendants' acts and omission violated the Fourth and Fourteenth Amendments to the United States Constitution, and the intentional torts of assault and battery violated the laws and public policies of the State of Indiana.

1

## II. PARTIES

3. Plaintiff is Dana Hepworth-Wilson.

   a. Mr. Hepworth-Wilson is a surviving child of the decedent, Patricia Hepworth.

   b. Mr. Hepworth-Wilson was appointed personal representative of Ms. Hepworth's Wrongful Death Estate on May 14, 2025, by the Allen County, Indiana Superior Court.  *See In re: Estate of Patricia Hepworth*, Case No.: 02D09-2503-EU-000176 (Allen Co., Ind. Super. Ct 2025).

4. Decedent is Patricia Hepworth.

   a. Ms. Hepworth was an adult citizen of the United States and resident of Fort Wayne, Indiana at the time of her death.

5. Defendant is City of Fort Wayne ("City").

   a. Defendant City is named in its representative capacity.  Defendant City employed Officers _____ Begals, Officer Michael Carrier, and Officer _____ Mugersingo, who at all times material to this Complaint acted within the scope of their employment for purposes of Mr. Hepworth-Wilson's tort claims. Defendant City is liable for their officers' torts under the doctrine of respondeat superior.

   b. Defendant City is also named in its official capacity.  Defendant City at all times material maintained a wrongful policy, practice, custom, or procedure of failing to adequately train and/or supervise officers concerning the lawful and constitutional use of their firearms.

6. Defendants are also City of Fort Wayne Police Officers _____ Begals ("Begals"),

2

Michael Carrier ("Carrier"), and _____ Mugersingo ("Mugersingo"). Defendant Officers are named in their individual capacities for purposes of Mr. Hepworth-Wilson's constitutional and tort claims. The conduct of these defendants was reckless, willful, and deliberately indifferent to the rights of the decedent. At all times material to this Complaint, these officers acted under color of law for purposes of Mr. Hepworth-Wilson's constitutional claims and within the scope of their employment for purposes of his tort claims.

### III. FACTS

#### A. EVENTS LEADING TO THE KILLING OF MS. HEPWORTH

7. On Wednesday, January 8, 2025, at approximately 12:25 p.m., Ms. Hepworth was in her home, on Harris Road in Fort Wayne, Indiana.

8. Ms. Hepworth was on parole and parole officers tried to contact Ms. Hepworth over a felony parole violation warrant. Ms. Hepworth had failed to check-in per the terms of her parole due to her mental health decline.

9. Ms. Hepworth was having a mental crisis and was armed with a knife inside her apartment. She was sitting in her bathroom, on the toilet, with a knife in her hand, and was bleeding from her wrist. A parole officer contacted the Fort Wayne Police Department and reported the situation.

10. The Fort Wayne Police Department Emergency Services Team arrived on scene, to allegedly deescalate the situation.

11. Upon arrival, Officers Carrier, Begals, and Mugersingo huddled in the room next door to Ms. Hepworth. The door to Ms. Hepworth's apartment was open. They

3

counted to three, ran to Ms. Hepworth's room, threw in a flashbang and stepped back.

12. Ms. Hepworth emerged from her apartment, staggering out with the knife in her hand, rubbing her eyes.

B. THE KILLING OF MS. HEPWORTH

13. As Ms. Hepworth stepped through the door of her apartment, she unable to see due to the flash bang, hit the wall and then bounced back. Officer Michael Carrier then shot Ms. Hepworth three (3) times in the chest, with an assault rifle, at close proximity.

14. Officers did not direct Ms. Hepworth to stop, drop the knife, and issued no warnings until after Ms. Hepworth was shot and dropped to the ground.

15. Officer Begals shot himself in the foot during this incident.

16. As the Officers were retreating they started to say, "Drop the knife".

17. Ms. Hepworth's body shuttered and then she dropped the knife.

18. Officers did not check on Ms. Hepworth for several minutes and then they kicked the knife away. The officers offered no life-saving measures.

19. Officers then began discussing who "got her" with joyful camaraderie.

20. Officer Michael Carrier indicated, "yes", with enjoyment coming from his response.

21. Ms. Hepworth was shot multiple times and transported to a hospital where she succumbed to her injuries and was declared dead. Her death was ruled a police-action homicide.

22. Defendant Officers Begals and Mugersingo took no action at any time, despite having the reasonable opportunity to do so, to prevent Defendant Officer Michael Carrier from killing Ms. Hepworth.

4

23. That afternoon Ms. Hepworth never pointed at or raised the knife she lawfully possessed in her home, towards officers or any other individual.

24. However, Defendant Officers, after arriving at the home of Ms. Hepworth, fired their weapons killing Ms. Hepworth without any warnings.

25. Ms. Hepworth was inside her home and had made no threats to anyone and had only exited her home after a flash bang was thrown into her home.

26. Ms. Hepworth was not breaking any law by possessing a knife in her home at the time Defendant Officer Michael Carrier shot her to death.

27. At the time Ms. Hepworth was shot to death, Ms. Hepworth was not under arrest.

### C. PROCEDURAL HISTORY PRIOR TO THE FILING OF THIS ACTION

28. On March 6, 2025, Mr. Hepworth-Wilson filed his Notice of Tort Claim against Defendants. This Notice is attached and incorporated into the Complaint as Exhibit A.

29. On May 14, 2025, the Allen County Superior Court appointed Mr. Hepworth-Wilson as personal representative of the Wrongful Death Estate of Ms. Patricia Hepworth. Relevant estate paperwork is attached and incorporated into this Complaint as Exhibit B.

## IV.    CLAIMS FOR RELIEF

*CONSTITUTIONAL RIGHTS CLAIMS AGAINST INDIVIDUALLY NAMED DEFENDANTS*

<u>FOURTH AND FOURTEENTH
AMENDMENTS TO THE U.S. CONSTITUTION</u>

30. Plaintiff incorporates by reference rhetorical paragraphs 1-29 as if fully set forth herein.

31. Defendant Officers Michael Carrier, Begals, and Mugersingo's use of force in detaining and seizing the decedent was excessive and violated Ms. Hepworth's constitutional rights.

32. Defendant Officers were knowingly, willfully, recklessly, and deliberately indifferent to the constitutional violations caused by Defendants in violation of the decedent's constitutional rights.

33. Officer Michael Carrier had a meaningful opportunity to detain Ms. Hepworth without the use of deadly force, but failed to do so, and intentionally discharged his weapon at close range into Ms. Hepworth's chest.

34. Defendant Officers Begals and Mugersingo had meaningful opportunity to intervene and prevent the death of Ms. Hepworth but failed to do so.

35. All defendant officers had meaningful opportunity to render potential life-saving measures to the decedent but failed to do so.

36. The Defendant Officers unlawful conduct was the direct and proximate cause of the death of Ms. Hepworth.

37. Under the Fourth Amendment, state actors may not subject an individual to unlawful

6

search and seizure or excessive force. However, Defendant Officer Michael Carrier's killing of Ms. Hepworth, Defendant Officers Begals and Mugersingo's failure to intervene to stop the unlawful killing of Ms. Hepworth, and Defendant City's policy of failing to train and supervise its officers subjected Ms. Hepworth to violations of the Fourth Amendment.

38. As a result of the knowing, willful, intentional, and wanton acts of Defendants, Ms. Hepworth suffered physical injury, pain, mental anguish, emotional distress, and ultimately, death.

39. Under the Fourteenth Amendment, state actors may not purposely terminate or interfere with the familial relationship of individuals, including the relationship of a mother and adult children.

40. As a result of the intentional and wanton acts of Defendant Officers, Ms. Hepworth and her children's relationship was severed; Ms. Hepworth suffered physical injury, pain, mental anguish, emotional distress, and death; and Mr. Hepworth-Wilson incurred damages including but not limited to funeral and burial expenses, and loss of love, care, affection, and companionship.

*INDIANA STATE CLAIMS AGAINST ALL DEFENDANTS*

<u>WRONGFUL DEATH, ASSAULT, & BATTERY</u>

41. Plaintiff incorporates by reference rhetorical paragraphs 1-40 as if fully set forth herein.

42. The death of Ms. Hepworth was caused by Defendant City of Fort Wayne's purposeful, willful, reckless, and deliberately indifferent conduct, and the purposeful,

7

willful, reckless, and deliberately indifferent conduct of its agents and employees, including its police officers, who at all material times relevant to this Complaint were acting in the scope of their employment.

43. As a result of Defendant City of Fort Wayne and its agents' and employees' conduct performed in the scope of their employment, Defendant City of Fort Wayne proximately caused the wrongful death of Ms. Hepworth.

44. Under the Indiana Wrongful Death Act, Defendants may not by act or omission and in violation of the law cause the death of an individual.

45. However, based upon the facts above, Defendants through their wrongdoing caused the unlawful death of Ms. Hepworth.

46. Further, Defendant Officers may not cause offensive touch to an individual or put her in reasonable apprehension of offensive touch and so cause damage to an individual.

47. However, based upon the above facts, Defendant Officers through their wrongdoing committed the torts of assault and battery, causing harm and death to Ms. Hepworth.

48. Defendant Officers are liable for state torts committed within the scope of their employment, and Defendant City of Fort Wayne is liable for the torts its officers commit within the scope of their employment under the doctrine of respondeat superior.

49. As a result of the torts against her, Ms. Hepworth suffered physical injury, pain, mental anguish, emotional distress, and ultimately, death.

50. As a result of Ms. Hepworth's wrongful death, Mr. Hepworth-Wilson incurred damages including but not limited to funeral and burial expenses, lost earnings, and

8

loss of love, care, affection, services, society, and companionship of his mother.

## V. PRAYER FOR RELIEF

Wherefore, Mr. Hepworth-Wilson respectfully requests the Court:

A. Award compensatory damages against all Defendants for violations of constitutional law and state law;

B. Award punitive damages against individual Defendants for intentional violations of constitutional law;

C. Award Mr. Hepworth-Wilson's attorney fees and legal costs pursuant to 42 U.S.C. § 1988 and Ind. Code § 34-23-1-1; and

D. Grant all other just and proper relief.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CLOSE & HITCHCOCK, LLC**

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 300
Fort Wayne, IN 46802
Telephone:    (260) 408-6818
E-Mail:        jennifer@closehitchcock.com
*Attorney for Plaintiff*

9